UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *McCombs*, 7:20cv94 | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

# ORDER

This matter is before the Court on Plaintiff's motion for summary judgment, ECF No. 46. On full consideration, the motion is **GRANTED in part** and **DENIED in part**.

## I. Legal Standard

Summary judgment is appropriate where there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A fact is "material" if, under the applicable substantive law, it might affect the outcome of the case. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The burden of demonstrating the absence of a genuine dispute of material fact rests with the moving party. *Celotex*, 477 U.S. at 323. In determining whether the moving party has carried its burden, a court must view the evidence and factual inferences drawn therefrom in the light most favorable to the non-moving party. *Liberty Lobby*, 477 U.S. at 255; *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997).

**II. Background**

The Court assumes the parties' familiarity with the general factual allegations and nature of this multidistrict litigation. Plaintiff Dustin McCombs raises fifteen claims under Alaska law[1] against Defendants arising from injuries he alleges were caused by his use of the Combat Arms Earplug version 2 ("CAEv2") during his military service. *See* Second Am. Master Short Form Compl., ECF No. 11.[2] Defendants raise several affirmative defenses, including that the actions of a non-party, the United States, are the actual, contributing, intervening, or superseding

---

[1] The Court previously ruled that Alaska law applies to McCombs' claims. *See* ECF No. 42.

[2] Specifically, McCombs raises claims for Design Defect – Negligence (Count I), Design Defect – Strict Liability (Count II), Failure to Warn – Negligence (Count III), Failure to Warn – Strict Liability (Count IV), Breach of Express Warranty (Count V), Breach of Implied Warranty (Count VI), Negligent Misrepresentation (Count VII), Fraudulent Misrepresentation (Count VIII), Fraudulent Concealment (Count IX), Fraud and Deceit (Count X), Gross Negligence (Count XI), Negligence Per Se (Count XII), Consumer Fraud and/or Unfair Trade (Count XIII), Unjust Enrichment (Count XV), and Punitive Damages (Count XVI).

cause of McCombs' injuries, and that as a result a jury should apportion fault to the government. *See* ECF No. 12 at pp. 3–9, ¶¶ 4, 14, 16–17.

## III. Discussion

McCombs moves for summary judgment on Defendants' affirmative defenses relating to the alleged fault of the United States military in causing his injuries. He argues that the Defendants' apportionment defense fails as a matter of law because the United States has never been a party to this litigation, as required by Alaska's apportionment statute. He further argues that the Defendants' affirmative defenses relating to the United States' role in causing his injuries fail as a matter of law for the additional reason that Defendants have not provided sufficient evidence to show that the United States proximately caused any portion of his injuries. In response, Defendants argue that Alaska law permits apportionment of fault to the United States because the United States has sovereign immunity from suit in this case. Defendants further argue that they have provided sufficient record evidence to raise a triable issue of fact as to their government-fault defenses. The Court agrees, in part, with both parties.

First, the Court finds that Defendants' apportionment defense fails because Defendants have not shown that the United States could not be added as a third-party defendant as required by Alaska Statute § 19.18.080. Under § 19.18.080, "fault may be allocated to non-parties if certain conditions are met." *Kendall Dealership*

*Holdings, LLC v. Warren Distrib., Inc.*, No. 3:18-cv-146, 2020 WL 759868, at *1 (D. Alaska Feb. 14, 2020) (footnote omitted). In order to allocate fault to a non-party, a defendant must (1) "identify the non-party as someone who the defendants will argue is at fault," and (2) "show that the person could not be added as a third-party defendant either because that person is outside the jurisdiction of the court or because by law or court rule the person cannot be named as a party." *Id.* (quoting *Evans ex rel. Kutch v. State*, 56 P.3d 1046, 1060–61 (Alaska 2002)). The first requirement is met because Defendants have identified the United States "as someone who defendants will argue is at fault." *See id.* at *3 ("[D]efendant only has to identify a non-party that it will <u>argue</u> is at fault."). The second requirement, however, has not been met because Defendants have not shown that the United States could not have been added as a third-party defendant. While, as Defendants correctly point out, "the government is immune from claims brought by soldiers for their service-related injuries, despite the waiver of sovereign immunity contained in the Federal Tort Claims Act," *see McMahon v. Presidential Airways, Inc.*, 502 F.3d 1331, 1339 (11th Cir. 2007) (citing *Feres v. United States*, 340 U.S. 135, 146 (1950)), Defendants could have brought a claim for equitable apportionment of damages against the United States because "[s]o long as no monetary judgment is entered against the United States as a consequence of effecting that determination, the government's sovereign immunity rights insofar as plaintiffs are concerned are

observed and protected." *See Stingley v. Raskey*, No. A95-0242, 1995 WL 696591, at *7 (D. Alaska Nov. 20, 1995) (denying the government's motion for summary judgment on the third-party plaintiff's claim for equitable apportionment); *see also Cabales v. Morgan*, No. 3:14-CV-161, 2015 WL 999100, at *3 (D. Alaska Mar. 6, 2015) (rejecting the plaintiffs' argument that "because Plaintiffs cannot obtain money damages from the United States here, fault cannot be allocated to it"). Accordingly, McCombs' motion for summary judgment on Defendants' apportionment defense is granted.

McCombs argues that Defendants' other government-fault affirmative defenses fail because Defendants have failed to offer expert medical testimony establishing a causal link between the United States military's conduct and his injuries. He further argues that even if expert testimony were not required, Defendants have failed to introduce sufficient non-expert evidence to create a triable issue of fact on proximate causation. The Court disagrees.

As a preliminary matter, the Court must determine whether Defendants' government-fault defenses involve a question of medical causation requiring expert testimony. *See Punches v. McCarrey Glen Apartments, LLC*, 480 P.3d 612, 624–25 (Alaska 2021). Defendants identify two alleged omissions by the United States military as potential alternative causes of McCombs' injuries: (1) its failure to ensure McCombs was fit with the CAEv2 by medically trained personnel, and (2) its failure

to inform him of the flange-fold fitting technique. The Court finds that these theories of injury do not "require the special skill of an expert to help present the evidence to the trier of fact in a comprehensible format." *See Choi v. Anvil*, 32 P.3d 1, 3 (Alaska 2001). While medical expert testimony is necessary to establish a causal connection between McCombs' injuries and his exposure to noises during his military service, *cf. Mathison v. United States*, 619 F. App'x 691, 694 (10th Cir. 2015) (applying Colorado law, and stating that "identify[ing] the source of [plaintiff's] sensorineural hearing loss [is] a complex medical question outside lay competence"), the record contains sufficient medical expert testimony to support a jury finding that McCombs' military noise exposure caused his hearing injuries. However, the next link in these two theories of causation—that McCombs was exposed to injurious noises because the United States military did not ensure his CAEv2 earplugs were properly fitted or provide him with adequate instruction in proper use of the CAEv2—arises from "a situation easily understood . . . using everyday experience." *See Punches*, 480 P.3d at 624 (quoting *Choi*, 32 P.3d at 4).

There is sufficient record evidence to create a triable issue of fact on these theories of causation. First, the regulation governing the Army Hearing Program required, among other things, "that medically trained personnel fit individuals with preformed earplugs," *see* Tuten Report at 9 (quoting DA Pamphlet 40-501), and Department of Defense ("DoD") regulations state that "[p]ersonnel shall receive

adequate and effective training in the proper care and use of personal hearing protectors," see DoD Instruction 6055.12 ¶ 6.6.10. Further, based on McCombs' deposition testimony and interrogatory responses, there is evidence that the United States military did not fit him with the CAEv2 or relay the flange-folding fitting technique to him. See Response to Interrogatory No. 28 ("Plaintiff does not recall being fitted with the CAEv2 by another person."); McCombs Depo. Tr. at 293:3–7 (testifying that "no one ever stuck an earplug in [my] ear other than myself"); Response to Interrogatory No. 45 ("Plaintiff states that he does not recall being instructed to fold back any of the flanges of the CAEv2."). Additionally, there is record evidence that McCombs was unable to obtain a proper fit with the CAEv2 because "his pinna and ear canal shape catches the tragus on the widest yellow flange, which could easily result in displacement with any face movement." See Dr. Moises Arriaga Report at 8; see also id. at 9–10 (photos showing contact between widest yellow flange and McCombs' tragus). Thus, based on the evidence, a lay jury could conclude from common knowledge that McCombs' hearing-related injuries occurred when he was exposed to loud noise due to inadequate fitting of his CAEv2 or instruction on the proper use of his CAEv2.

    Accordingly,

1. McCombs' motion for summary judgment, ECF No. 46, is **GRANTED in part** and **DENIED in part**.

2. The motion is **GRANTED** as to Defendants' apportionment defense.

3. The motion is otherwise **DENIED**.

**DONE AND ORDERED** this 6th day of April 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**