## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *McCombs*, 7:20cv94 | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## ORDER

Defendants move for reconsideration of the Court's Order granting summary judgment to Plaintiff, Dustin McCombs, on their apportionment defense. ECF No. 70. The Court ruled, based in part on persuasive authority from Alaska federal district courts, that Defendants' apportionment defense failed as a matter of law because Defendants could have brought a claim for equitable apportionment under Alaska law against the United States and therefore the United States could have been added as a third-party defendant as required by Alaska's "apportionment of damages" statute, Alaska Statute § 19.17.080. *See In Re: 3M Combat Arms Earplug Prods. Liab. Litig.*, 7:20cv94, 2021 WL 1267984, at *2 (N.D. Fla. Apr. 6, 2021) (quoting *Stingley v. Raskey*, No. A95-0242, 1995 WL 696591, at *7 (D. Alaska Nov. 20, 1995) and citing *Cabales v. Morgan*, No. 3:14-CV-161, 2015 WL 999100, at *3 (D. Alaska Mar. 6, 2015)). Defendants argue that the Court's ruling is clear error because "the United States enjoys a complete immunity from . . . suit under the

*Feres*[1] doctrine" and therefore "cannot be forced to litigate claims arising from military injuries, regardless of the form of relief sought."[2] Defendants further argue that *Stingley* and *Cabales* are distinguishable because the United States' sovereign immunity from the plaintiffs' claims in those cases resulted from the plaintiffs' failure to timely bring their claims under the Federal Tort Claims Act ("FTCA") and that "*Feres* immunity," unlike a defense to liability under the FTCA's statute of limitations, is "a true immunity from suit." The Court disagrees that *Stingley* and *Cabales* are materially distinguishable on this issue and ultimately concludes that Defendants could have joined the United States in this case under Alaska and federal law.

"The *Feres* doctrine is a judicially created exception to the federal government's waiver of sovereign immunity for common law torts" and "operates to bar all service-related tort claims brought by soldiers against the government." *McMahon v. Presidential Airways, Inc.*, 502 F.3d 1331, 1341–43 (11th Cir. 2007); *see Speigner v. Alexander*, 248 F.3d 1292, 1298 (11th Cir. 2001) ("[C]ases brought by enlisted personnel against the military for injuries incident to service are nonjusticiable, whether the claims request monetary damages or injunctive relief.").

---

[1] *Feres v. United States*, 340 U.S. 135 (1950).

[2] The Court previously denied Defendants' motion for reconsideration to the extent it argued that the Court's ruling is manifestly unjust. *See* ECF No. 72.

The doctrine rests on three policy grounds. First, because the relationship between the government and servicemembers "is distinctively federal in character[,] . . . the government's liability to soldiers for service-related accidents must be governed by a uniform rule." *McMahon*, 502 F.3d at 1342 (citation omitted). Second, because the statutory veterans' benefits the government provides to injured servicemembers serve as a "congressional cap on the government's liability for soldiers' service-related injuries," the uniform rule concerning the government's liability for service-related injuries to soldiers "must be one of no liability." *Id.* (citation omitted). Third, service-related tort claims "would involve the judiciary in sensitive military affairs at the expense of military discipline and effectiveness" and are therefore nonjusticiable. *See id.* at 1342–43 ("The third rationale represents a kind of justiciability constraint.").

The Court finds that a claim for equitable apportionment under Alaska law by Defendants against the United States in McCombs' case would not offend the policy rationales underlying the *Feres* doctrine. The first two rationales are not offended because an equitable apportionment claim in this case would merely allow for the allocation of fault; it would not allow for the imposition of liability. *See Alaska Gen. Alarm, Inc. v. Grinnell*, 1 P.3d 98, 106 n.46 (Alaska 2000) (noting that Alaska Civil Rule 14(c) permits a defendant to implead parties "who were not liable to the plaintiff because of the statute of limitations *or some other immunity from*

*suit*" (emphasis added));[3] *Bethel Native Corp. v. Dep't of Interior*, 208 F.3d 1171, 1174–75 (9th Cir. 2000) (applying Alaska law, and concluding that Eleventh Amendment immunity did not bar the United States from asserting a third-party claim for equitable apportionment against a state because "the main purpose of the United States' third-party claim here was not to prosecute Plaintiff's action, but rather was 'to benefit itself by reducing any damages [Plaintiff] would otherwise recover from the United States"); *Cabales*, 2015 WL 999100, at *4 ("[I]t does not follow that a plaintiff must be able to collect on a judgment against a party responsible for the damages before that party can be allocated a portion of fault."); *Stingley*, 1995 WL 696591, at *7 ("So long as no monetary judgment is entered against the United States as a consequence of effecting that determination [of apportionment of fault], the government's sovereign immunity rights insofar as plaintiffs are concerned are observed and protected."). Notably, an equitable apportionment claim also would not require the United States to participate in the suit. *See Robinson v. U-Haul Co.*, 785 F. Supp. 1378, 1380 n.4, 1384 n.12 (D. Alaska 1992) (explaining that a third-party defendant may "elect[] not to participate" in the

---

[3] "[T]he absence of a federal equivalent to Alaska Civil Rule 14(c) does not preclude a third-party practice of equitable apportionment claims in federal court." *See Stingley*, 1995 WL 696591, at *4.

action due to "the absence of any right of recovery to accompany the right of [equitable apportionment]").

The third policy also is not offended because McCombs does not challenge any order he was given during his military service or any other decision made by the military. Indeed, his product liability claims could stand alone without implicating any decision committed to the discretion of the military.[4] *See McMahon*, 502 F.3d at 1365 ("The evidence before us does not show a conflict between the allegations in the complaint and decisions made by the U.S. military. It would be inappropriate to dismiss the case on the mere chance that a political question may eventually present itself."); *McMahon v. Gen. Dynamics Corp.*, 933 F. Supp. 2d 682, 695 (D.N.J. 2013) (rejecting military contractor defendant's argument that plaintiff's product liability claim presented a non-justiciable political question because "[w]hether the manufacturing process was faulty is not a political question; it is a routine issue of civil, and civilian, tort law" that would not "inevitably" draw the

---

[4] Defendants long ago withdrew their affirmative defense based on the political question doctrine. *See* Letter from Kimberly M. Branscome, Counsel for Defendants, to the Hon. M. Casey Rodgers (Dec. 12, 2019) ("Defendants will not . . . argue that the political question doctrine applies to this case. Defendants have . . . concluded that the political question doctrine does not apply to this case. . . . Accordingly, Defendants will withdraw the affirmative defense based on the political question doctrine . . . .") (on file with the Court). In any event, Defendants' challenge to how the Army implemented its hearing conservation program is present in the case whether or not the United States is joined on an equitable apportionment claim or simply placed on the verdict form as a non-party. Moreover, the Department of Defense and Department of Justice have known about this litigation from its inception, including participating in numerous depositions; yet they have never made any effort to intervene to protect "sensitive military judgments."

court "into a reconsideration of military decisions"); *see also Taylor v. John Crane, Inc.*, 6 Cal. Rptr. 3d 695, 699 (Cal. Ct. App. 2003) (in case brought by former servicemember against manufacturer of asbestos-containing products, affirming trial court's allocation of fault to the Navy for purposes of calculating defendant's proportionate share of non-economic damages despite the Navy's *Feres* immunity); *cf. Loquasto v. Fluor Corp., Inc.*, --- F. Supp. 3d ----, 2021 WL 75550, at *5 (N.D. Tex. Jan. 8, 2021) (in personal-injury case arising from a suicide bombing committed by an Afghan national hired by defendants to work at a United States Military base in Afghanistan, finding that the political question doctrine precluded apportionment of fault to the military because "[s]uch a finding . . . would require the Court to inquire into the propriety of the military's approval of [the suicide bomber] for base access and the soundness of the military's security screenings at base entry points"). Moreover, unlike other third-party claims seeking equitable or injunctive relief, a claim for equitable apportionment would have no impact on the military's operations or decision-making because it merely establishes the proportionate fault of adverse tortfeasors "without creating an ongoing legal duty between them." *See Bethel*, 208 F.3d at 1176. Thus, Defendants could have asserted an equitable apportionment claim against the United States without "caus[ing] intolerable interference with . . . sensitive military judgments." *See McMahon*, 502 F.3d at 1340.

The Court is not persuaded by Defendants' attempt to distinguish *Stingley* and *Cabales*. In both cases, the defendants were permitted to bring equitable apportionment claims against the United States even though the United States enjoyed sovereign immunity as a result of the plaintiffs' failure to timely bring actions within the FTCA's statute of limitations period. *See Stingley*, 1995 WL 696591, at *7; *Cabales*, 2015 WL 999100, at *3. Defendants argue that the United States' sovereign immunity in *Cabales* and *Stingley* was only "a defense against liability" while its immunity under the *Feres* doctrine "is a true immunity from suit." While it is true that "sovereign immunity is a divisible concept" which "can include immunity from suit as well as immunity from liability," *see Stroud v. McIntosh*, 722 F.3d 1294, 1301 (11th Cir. 2013),[5] Defendants cite no authority for the proposition that the United States has waived its immunity from suit in cases where the FTCA's statute of limitations has expired such that the "sovereign immunity" at issue in *Cabales* and *Stingley* is distinguishable from the "sovereign immunity" under the

---

[5] *See also CSX Transp., Inc. v. Kissimmee Util. Auth.*, 153 F.3d 1283, 1286 (11th Cir. 1998) ("Because Florida's state sovereign immunity is only immunity from liability, it is analogous to federal sovereign immunity." (citing *Pullman Const. Indus., Inc. v. United States*, 23 F.3d 1166 (7th Cir. 1994) and *Alaska v. United States*, 64 F.3d 1352 (9th Cir. 1995))); *but see In re World Trade Ctr. Disaster Site Litig.*, 521 F.3d 169, 191 (2d Cir. 2008) ("We are not convinced that *Pullman* or its progeny counsel us to disregard the statements of the Supreme Court that sovereign immunity encompasses a right not to be sued, even though those statements were not made in cases involving interlocutory appeals." (internal citations omitted)).

*Feres* doctrine.[6] Indeed, Defendants' argument is contrary to the plain language of 28 U.S.C. 2401(b): "A tort *claim* against the United States *shall be forever barred* unless it is presented in writing to the appropriate Federal agency within two years after such claims accrues . . . ." (emphasis added). *See Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999) ( "It is well settled that sovereign immunity *bars suit* against the United States except to the extent that it consents to be sued. It is equally settled that statutory waivers of sovereign immunity 'are to be construed strictly in favor of the sovereign.' " (citations omitted and emphasis added)); *Flohr v. Mackovjak*, 84 F.3d 386, 392 n.8 (11th Cir. 1996) ("The *Feres* doctrine . . . concerns only an exception to the waiver of sovereign immunity contained in the Federal Tort Claims Act . . . .").

In short, Defendants have shown no clear error of law. Accordingly, Defendants' motion for reconsideration, ECF No. 70, is **DENIED**.

**DONE AND ORDERED** this 23rd day of April 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[6] Defendants cite *Estate of Kennedy v. Bell Helicopter Textron, Inc.*, 283 F.3d 1107, 1111 (9th Cir. 2002) for the proposition that "[a] statute of limitations does not give rise to a right not to stand trial, but rather creates a safeguard against unfair verdicts from delinquent suits." But *Kennedy* is inapposite because it did not involve the FTCA's statute of limitations or sovereign immunity. *See id.* (finding that the General Aviation Revitalization Act's eighteen-year statute of repose gives rise to "the right to be free from the burdens of trial").