# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *McCombs*, 7:20cv94 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

## PRETRIAL ORDER NO. 75
## Trial Time Allocation in *McCombs*

The Court sets the following time limits for the trial in the above entitled case, which is scheduled to begin on May 17, 2021.[1]

The Court has discussed the matter of time limits for trial with counsel for the parties and has decided that setting reasonable limits on the amount of time allowed for the parties to present their claims and defenses will prevent delay, ensure efficient presentation of the evidence and arguments, avoid unnecessary, cumulative, and repetitive evidence and arguments, and minimize undue burden on the jurors. It is well-established that a court has the authority to impose reasonable trial time limits. *See* Fed. R. Civ. P. 16(c)(2)(D) & (O); Fed. R. Evid. 611(a). The Court has discussed the overall length of the trial with the parties, and has scheduled the trial for two weeks.

---

[1] This Order applies only to the *McCombs* trial. The Court has not yet set the time limits for the *Baker* trial.

The length of an average trial day in trials before the undersigned is 9.5 hours, with the day starting at 8AM and ending at 5:30PM. The first half hour is reserved for bench discussions on matters needing resolution by the Court. The remaining 9 hours is jury time. After accounting for a mid-morning, mid-afternoon, and lunchtime break, and allowing some additional cushion time, the actual time in trial with the jury each day is 7.5 hours. The Court reserves the right to extend any trial day if warranted in order to complete the trial within the trial period set.

In this case, 10 business calendar days have been set aside for the trial, which includes time for jury selection and opening statements on the first day and instructions and closing arguments on the last day. The Court does not intend to include the first day and closing arguments in the time calculation, so the actual amount of charged time for trial is approximately 8.5 days. Thus, the Court allocates a total of sixty-four (64) hours to this trial.

On consideration of the time necessary to educate the jury on the science and the development, testing, and sales of the CAEv2, the Court has decided that the time will be split 55/45, with Plaintiff having 35 hours to try his case, including a rebuttal case, and Defendants having 29 hours to try their case. This time allocation excludes jury selection, openings, closings, and jury instruction.[2] This decision is

---

[2] The Court will be the official timekeeper and its clock will be the official clock. The Court will keep track of each side's time and notify counsel at regular intervals of the time used by each side.

Case No. 7:20cv94/MCR/GRJ

based on the Court's consideration of the parties' presentations in the first bellwether trial and Plaintiff's need to educate the jury early in the trial, as indicated.[3]

Time will count against a side's allocation whenever it is questioning a witness, arguing an objection or other matters to the Court, or otherwise presenting its case, including motions for judgment as a matter of law.  <u>Time spent arguing evidentiary or other *in limine* matters after the final pretrial conference, including the Court's review of written submissions on such matters, will count against a side's allocation.</u>[4]  The Court also reserves the right to count the time spent following the start of the trial arguing jury instructions; i.e. the jury charge conference.

If a party intends to read or play deposition testimony before the jury, this may require the Court to rule on objections to designated testimony.  The reading of deposition testimony may constitute trial time.  Time will count against a side's allocation for all testimony that side has designated to be read or played by video. The parties are directed to confer prior to the presentation of any deposition testimony to attempt to agree on how the time spent reading or playing the deposition should be allocated as between the parties.  In this regard, the Court encourages the parties to do their best to pare down deposition testimony to significant and non-

---

[3] The Court's decision to split the time 55/45 was made well before it became apparent that Plaintiffs in the first bellwether trial would run out of time.

[4] Time the Court spends reviewing written *in limine* submissions and hearing argument on such matters prior to or during the final pretrial conference will not count against a party's allocation.

repetitive matters.

The allocation of 64 hours is subject to reduction based on rulings barring or limiting claims, precluding opinion witness testimony, and excluding or limiting evidence via *in limine* rulings and rulings made during trial. Additionally, the parties are forewarned that the Court may reduce a party's allotted time for, among other things, presenting unduly cumulative testimony or evidence or evidence of minimal probative value, or repeatedly making unwarranted objections to testimony or exhibits.

With regard to exhibits, the Court directs the parties to attempt to pare down their exhibit lists, resolve foundational objections to exhibits by stipulation or otherwise, and attempt to narrow objections to exhibits to the extent reasonably possible. This is in both sides' interest, as it will reduce the time needed for resolving objections at trial. The Court reserves the right to impose an overall limit on the number of exhibits introduced by each side.

Further particulars of the rules for time allocation may be addressed at or before the trial, although the Court will not reconsider the decisions outlined in this Order.

In addition, with one exception explained below, the Court will exercise its authority pursuant to Federal Rule of Evidence 611(a) to require that each witness be called only once and will not be recalled later in the case, except to rebut evidence

offered later that the party wishing to recall the witness could not reasonably have anticipated.  Consistent with this directive, there will be no restriction on the scope of cross-examination of a witness called by an adverse party.  In addition, examination of a witness beyond redirect (beyond "recross," for a witness called by an adverse party) will not be permitted absent a showing at sidebar—for which the requesting party will be charged time—that the immediately preceding examination by the other side raised new points that the party has been unable to adequately address.

For any adverse witness testimony presented via deposition by one side, the Court will require the "cross" (which is really direct) of that witness to be presented to the jury in the other side's case.  The other side, however, may present limited clarification testimony excerpts in the presenting side's case.  The matter of what testimony is true "clarification" versus direct must be discussed among the parties with Judge Herndon's assistance before being brought to the Court for resolution.  To the extent the party seeking to admit the clarification testimony fails to abide by this directive, the testimony will not be allowed.  Under no circumstances will the Court entertain argument on this issue at trial.

To minimize interruptions in the jury's receipt of evidence, the Court will limit the number and extent of sidebar conferences while the jury is present in the courtroom.  If a party anticipates that a matter may come up during a witness's

testimony that will require discussion outside the jury's presence, the party should raise the matter beforehand at a break.  Where this does not occur, and discussion outside the jury's presence is requested or is necessary, the Court may require the testimony to proceed while holding until the next break the issue to be discussed.

Finally, counsel for both sides are directed to advise witnesses, in advance of their testimony, of *in limine* rulings that may impact the witness's testimony—in particular, rulings that preclude or limit admission of evidence about which the witness might otherwise testify.

**SO ORDERED**, on this 2nd day of May, 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**